**J. Thomas HARDIN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2010–SC–000800–KB.**

Supreme Court of Kentucky.

March 24, 2011.

___

## OPINION AND ORDER

Pursuant to SCR 3.480(2), J. Thomas Hardin, KBA Number 49200, moves this Court to impose a two-year suspension upon him to resolve the charges contained in KBA Files 8523, 10956, 14084, and 15836. Movant was admitted to the practice of law in Kentucky on April 25, 1986, and his last known bar roster address is KY Rt 292, PO Box 1416, Inez, KY 41224–1416. For the reasons set forth herein, we grant Movant's motion.

Movant was initially suspended from the practice of law in Kentucky by an April 19,

2007 Order from this Court. That Order imposed a 147–day suspension as reciprocal discipline arising from a West Virginia disciplinary proceeding. Movant remains suspended pursuant to that Order.

### KBA FILE 8523

On August 9, 2006, the Inquiry Commission issued a two count charge against Movant. Count I alleged that Movant violated SCR 3.130–1.5(a) (a lawyer may not recover an unreasonable fee) by recovering a fee in excess of the fee which he was entitled. Count II alleged that Movant violated SCR 3.130–1.5(c) (a contingent fee agreement must be in writing) for recovering a contingent fee which was not pursuant to a written fee agreement.

These charges stem from Movant's representation of certain parties in a mineral royalty rights litigation in the Knott Circuit Court. Initially Movant entered into a valid contingent fee contract with his clients which called for him to receive a thirty-three percent contingent fee. A second contingent fee contract was then created by Movant which increased his contingency fee to forty percent. Movant admits that the second contingency fee contract had not been executed by all parties and that he did not comply with the appropriate formalities required for executing a contingent fee contract. However, at the end of the litigation, Movant received a forty percent contingent fee. Movant admits he is guilty of Count II by receiving a contingency fee which was not memorialized in writing per SCR 3.130–1.5(c). Movant also admits he is guilty of Count I since the contingency fee he received was unreasonable as a matter of law since the contingency fee contract did not comply with SCR 3.130–1.5(c).[1]

___

1. Movant argues that the forty percent contingency fee he received is not unreasonable for the work he performed under a quantum merit analysis. However, Movant still admits he

## KBA FILE 10956

On March 21, 2007, the Inquiry Commission returned a four count charge against Movant regarding his actions in two bankruptcy proceedings. Count I alleged that Movant violated SCR 3.130–1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client) by missing certain court filing deadlines which lead to his client's appeal being dismissed. Movant admits that he did ignore certain court deadlines which led to his client's appeal being dismissed and that he is guilty of Count I.

Count II alleged that Movant violated either SCR 3.130–1.4(a) (a lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) or 2) SCR 3.130–4.4 (a lawyer shall not knowingly use means which have no substantial purpose other than to embarrass, delay or burden a third party). The charge indicated that Movant violated SCR 3.130–1.4(a) if it was found that the Bankruptcy Trustee was Movant's client, and alternatively that he violated SCR 3.130–4.4 if the Bankruptcy Trustee was found to be a third party. The basis for this count concerns communications made by Movant to the Bankruptcy Trustee. The Charge alleges that Movant provided little or none of the information as requested by the Bankruptcy Trustee. While Movant disputes that he did not provide adequate information to the Bankruptcy Trustee, he admits that the Bankruptcy Court found he did not fully respond to the trustee's requests. Because of the Bankruptcy Court's determination, Movant admits that his conduct fell below that required of an attorney in providing information to the Bankruptcy Trustee as the successor client, and that he is guilty of Count II by violating SCR 3.130–1.4(a). Movant respectfully requests that he is not guilty of violating SCR 3.130–4.4 because he never intended to "embarrass, delay or burden" the Bankruptcy Trustee. The KBA does not object to the dismissal of this portion of Count II.

Count III alleged that Movant violated SCR 3.130–3.4(c) (a lawyer shall not knowingly or intentionally disobey an obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists) by failing to be sufficiently responsive to orders from the bankruptcy court. Movant admits that he is guilty of Count III.

Count IV alleged Movant violated SCR 3.130–8.3(c) (it is professional misconduct for an attorney to engage in conduct involving dishonesty, deceit, fraud or misrepresentation) by misrepresenting the terms of the sale of real estate in a bankruptcy proceeding. Movant allegedly violated this rule by concealing the identity of the prospective purchaser and that he claimed to represent a party that he did not actually represent. Movant admits that sufficient evidence and testimony were presented to the Bankruptcy Court to find he violated SCR 3.130–8.3(c).[2] Thus, Movant admits he is guilty of Count IV.

## KBA FILE 14084

On January 16, 2007, the Inquiry Commission issued a six count charge against Movant based on his *pro se* proceedings

---

violated Count I because the fee he received was greater than the fee the parties agreed to via the executed contingency fee contract.

**2.** Movant argues that if additional evidence and testimony were presented to the Bank-ruptcy Court, he would not be found to have violated SCR 3.130–8.3(c). However, Movant does not indicate what this evidence or testimony would be and he does admit his guilt under Count IV.

before the Internal Revenue Service and the United States Tax Court from 2001 to 2004.

Count I alleges Movant violated SCR 3.130–3.1 (a lawyer shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous . . .) by bringing a frivolous tax court appeal. Count II alleged that Movant violated SCR 3.130–3.4(c) (a lawyer shall not knowingly or intentionally disobey an obligation under the rules of a tribunal) by knowingly and intentionally disobeying his obligation to comply with a Pretrial Order issued by the Tax Court and failing to comply with an order to appear before the court. Count III alleges that Movant violated SCR 3.130–3.4(d) (a lawyer shall not in pretrial proceedings "deliberately fail to make reasonably diligent efforts to comply with a legally proper discovery request by opposing party") by deliberately failing to make a reasonably diligent effort to comply with discovery requests by the IRS in the Tax Court proceedings. Count IV alleges that Movant violated 3.130–3.5(c) (a lawyer shall not engage in conduct intended to disrupt a tribunal) by failing to prosecute the Tax Court appeal and by failing to appear for Tax Court proceedings. Count V alleges that Movant violated SCR 3.130–4.4 (a lawyer shall not knowingly use means that have no substantial purpose other than to embarrass, delay or burden a third person . . .) by finding that Movant filed the various administrative and judicial proceedings for no other reason than to improperly delay the IRS. This charge is based on the Tax Court's finding in its Order dismissing Movant's appeal that the procedural deficiencies during the appeal were such that it seemed obvious that the

only purpose for the appeal was to delay the IRS. Count VI alleges that Movant violated SCR 3.130–8.1(b) (a lawyer shall not fail to respond to a lawful demand for information from a disciplinary authority) by not filing a Response to the Inquiry Commission Complaint.

Movant now admits that due to his conduct he is guilty of the violations presented in Count II, III, IV, V, and VI. However, Movant argues that he filed the tax appeal in good faith. While he recognizes that he did not properly pursue those issues before the IRS or the Tax Court he requests that Count I be dismissed because his appeal was not frivolous. The KBA has no objection to this request.[3]

### KBA FILE 15836

On March 6, 2009, the Inquiry Commission returned a three count charge concerning Movant's conduct while suspended from the practice of law. Count I alleged that Movant violated SCR 3.130–3.4(c) (a lawyer shall not knowingly or intentionally disobey an obligation under the rules of tribunal) by failing to fully notify clients of his suspension from the practice of law pursuant to SCR 3.390. Count II alleges that Movant violated SCR 3.130–5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction) by sending correspondence to a former client and a third party in another state which gave the impression that he was a licensed attorney. Count III alleges Movant violated SCR 3.130–8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority) by failing to respond to the Inquiry Commission complaint.

---

3. We note that the KBA response states it has no objection to the dismissal of Count V in KBA File 14084. However, Movant admits he is guilty of Count V and only asks that Count I be dismissed. We presume that the KBA response is actually referring to Count I.

The charges in this file arise from Movant's representation of a small Eastern Kentucky company. In 2006, Movant sustained injuries in an accident which left him unable to practice law. Movant notified one of the few clients he had remaining, Greentree Cable, and informed them that they would need to obtain other counsel. In April 2007, Movant received a 147-day suspension from the practice of law in Kentucky as reciprocal discipline due to a legal disciplinary action in West Virginia. However, although Movant again notified Greentree Cable of his inability to represent them in pending litigation, he failed to withdraw as counsel of record. Movant admits that this conduct fell below that required of an attorney under SCR 3.390 and that he is guilty of Count I. Movant also admits that while he notified the Court and opposing counsel of his inability to represent Greentree Cable, he may have left the impression that he was not suspended and engaging in the practice of law. He therefore admits he is guilty of Count II. Movant also acknowledges that he failed to respond to the Inquiry Commission, and is guilty of Count III.

As punishment of his admissions of guilt, Movant requests a two-year suspension from the practice of law. The KBA presents no objection to this sanction and we therefore grant Movant's motion.

Thus it is ORDERED that:

1) Movant, J. Thomas Hardin, KBA Number 49200, KY Rt 292, PO Box 1416, Inez, KY 41224–1416, is adjudged guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.5(a), SCR 3.130–1.5(c), SCR 3.130–3.3(a)(1), SCR 3.130–3.3(a)(2), SCR 3.130–3.3(a)(3), SCR 3.130–3.4(c), SCR 3.130–3.5(c), SCR 3.130–5.5(a), SCR 3.130–8.1(b), SCR 3.130–8.3(c) and SCR 3.130–8.4(c) as charged in KBA Files 8523, 10956, 14084, and 15836.

2) Movant is suspended from the practice of law in Kentucky for two years effective from the date of this order;

3) Under SCR 3.390, Movant must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify all clients, in writing, of his inability to represent them; notify all courts in which he has matter pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association;

4) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $198.17 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 24, 2011.

/s/ John D. Minton, Jr.
  Chief Justice